UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONALD J. WALTON,

        Petitioner,

v.

TROY CHRISMAN,

        Respondent.

_____/

Case No. 1:24-cv-1011

Honorable Sally J. Berens

**OPINION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

      This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

      Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

### I. Factual Allegations

Petitioner Donald J. Walton is incarcerated with the Michigan Department of Corrections at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. On August 29, 2022, Petitioner pleaded guilty in the Kent County Circuit Court to operating while intoxicated, third offense, in violation of Mich. Comp. Laws § 257.6256 ("OWI"), and possession of narcotic/cocaine under 25 grams, in violation of Mich. Comp. Laws § 333.7403 ("possession"). On July 25, 2024, the court sentenced Petitioner to imprisonment for 1 year, 6 months for possession and 2 years, 6 months to 7 year, 6 months for OWI.[2]

---

[2] The extended delay from plea to sentencing occurred because Petitioner failed to show up for several scheduled sentencing dates. Register of Actions, *People v. Walton*, No. 22-00216-FH (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (select Criminal Case Search, enter First Name "Donald," Last Name "Walton," Year of Birth "1954," complete

Shortly after Petitioner was sentenced, he filed his habeas corpus petition. On November 5, 2024, Petitioner filed an amended petition raising six grounds for relief. (Am. Pet., ECF No.14, PageID.72–77; Mich. Ct. App. Appl. for Leave to Appeal, ECF No. 14-1, PageID.102–03.) Petitioner has also filed a motion for extension of time to file an amended petition (ECF No. 11), a motion for leave to depose prospective respondents (ECF No. 13), and within his amended petition, a motion for release from custody (ECF No. 14).

## II.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

---

reCAPTCHA, select Search Criminal Cases, select Case Number "22-00216-FH") (last visited Dec. 17, 2024).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). He acknowledges that he has not yet raised any of his habeas issues in the Michigan appellate courts. Petitioner was only recently appointed substitute state appellate counsel. The records of the Michigan appellate courts do not show that Petitioner has filed an application for leave to appeal in the Michigan Court of Appeals or the Michigan Supreme Court. *See* https://www.courts.michigan.gov/case-search/ (search "Donald Joseph Walton") (last visited Dec. 17, 2024).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in his petition. He may file an application for leave to appeal his convictions and sentences in the Michigan Court of Appeals and, if that does not prove successful, he may file an application for leave to appeal to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

All of the issues raised in the amended petition are unexhausted. Petitioner's judgment is not yet final, so the statute of limitations, 28 U.S.C. § 2244(d)(1), has not yet started to run. Accordingly, the petition is properly dismissed.

### III. Pending Motions

Petitioner asked the Court for an extension of time to file the amended petition while he awaited the Michigan Court of Appeals' decision on Petitioner's petition for writ of superintending

control. (ECF No. 11.) Ultimately, however, Petitioner timely filed his amended petition; therefore, his motion for extension is properly denied as moot.

Petitioner also asks the Court for leave to depose "Prospective Respondents." (ECF No. 13.) It appears that Petitioner intended a dual purpose for his proposed discovery: first, to preserve the memories of his defense counsel, the prosecutor, and the judge because, according to Petitioner, there were no transcripts of important trial court proceedings;[3] and second, to support an anticipated civil rights complaint. In light of the Court's dismissal of this action, Petitioner's motion for discovery will be denied as moot.

Finally, in Petitioner's amended petition, he asks the Court to order his immediate release. In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized that, in limited circumstances, a district court may grant bond pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release a petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Dotson*, 900 F.2d at 79; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson*, 900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)) (Douglas, J., in chambers).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner has not clearly demonstrated that the state court's convictions and sentences

---

[3] The Court's review of the trial court's register of actions reveals that the arraignment, plea, and sentencing proceedings were transcribed.

were contrary to federal law or an unreasonable determination of the law or facts. 28 U.S.C. § 2254(d). Relief, if any, must await exhaustion of Petitioner's state court remedies. Petitioner's request for immediate release will be denied.

## IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

Reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the petition is properly dismissed, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying Petitioner's pending motions and dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.

Dated:  December 20, 2024                              /s/ Sally J. Berens
                                                                                                  SALLY J. BERENS
                                                                                                  United States Magistrate Judge